DECISION
{¶ 1} Defendant-appellant, Stephen J. Markos, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for default judgment of plaintiff-appellee, Bank of New York, as Trustee. Because the trial court properly granted default judgment against defendant, we affirm.
 {¶ 2} On August 8, 2003, plaintiff filed a complaint against defendant, among others, seeking "money judgment, foreclosure and relief." Plaintiff's complaint alleged that defendant defaulted on a promissory note, and through its complaint plaintiff sought judgment on the note as well as foreclosure on the premises securing the note.
 {¶ 3} According to the record, defendant was served with a copy of the complaint on August 20, 2003. Defendant did not file an answer to the complaint. Accordingly, on March 29, 2004, plaintiff filed a motion for default judgment against defendant and, according to the certificate of service, served defendant by regular mail. On April 2, 2004, the trial court entered a final judgment for plaintiff.
 {¶ 4} In response, defendant filed a Motion for Leave to File an Answer Instanter, contending that his move had made him unable to defend or to obtain counsel. The trial court denied the motion the next day, and on April 20, 2004, defendant timely appealed. He assigns the following errors:
[1.] Lack of Jurisdiction:
The lower court action was an in rem action in admiralty maritime jurisdiction for the seizure of property. The lower court, a state court, lacked jurisdiction in an admiralty maritime case as exclusive, original jurisdiction lies with the federal district courts. See 28 USC 1333.
[2.] Abuse of Discretion:
According to Black's Law Dictionary, 5th ed., p. 10, abuse of discretion is synonymous with a failure to exercise a sound, reasonable and legal discretion. Abuse of discretion is also any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to matter submitted.
In this case, the lower court abused its discretion by not considering the facts and law presented regarding the lack of jurisdiction by the lower court.
[3.] Denial of Due Process:
Even assuming the court had jurisdiction, the record shows that Defendant Stephen J. Markos was never properly served a complaint thereby denying due process to Mr. Markos.
 {¶ 5} Defendant's first assignment of error asserts the trial court lacked jurisdiction because plaintiff's action is an in rem admiralty action subject to maritime jurisdiction.
 {¶ 6} Admiralty jurisdiction embraces those actions "done upon and relating to the sea and waters navigable therefrom, transactions relating to commerce and to navigation." Faulhaberv. Indus. Comm. (1940), 64 Ohio App. 405, quoting 1 American Jurisprudence, 550, Section 9. Contrary to defendant's contentions, nothing in plaintiff's complaint, or anything defendant filed, suggests maritime jurisdiction applies to plaintiff's foreclosure action. Defendant's first assignment of error is overruled.
 {¶ 7} Defendant's second assignment of error is related to his first assignment of error and asserts that the trial court abused its discretion in failing to recognize its own lack of jurisdiction. The trial court, however, had subject matter jurisdiction to entertain plaintiff's action for judgment on a promissory note and for foreclosure on the property securing the note. Third Federal Savings and Loan Assoc. of Cleveland v.Dalton (May 26, 1999), Lorain App. No. 97CA006955. Accordingly, the trial court did not err in exercising that jurisdiction. Defendant's second assignment of error is overruled.
 {¶ 8} Lastly, defendant's third assignment of error asserts that defendant was never properly served with the complaint and therefore was denied due process. The record, however, indicates defendant was served with the complaint by certified mail on August 20, 2003. Although the signature on the certified mail receipt card is not entirely legible, the printed name below the signature indicates the signature to be that of "S.J. Markos" who signed for and received the complaint. To the extent defendant contends he did not, he may file a Civ.R. 60(B) motion in the trial court, attempting to set forth for the trial court the basis on which he contends he was not properly served. On the face of this record, however, defendant's contentions are unpersuasive. Defendant's third assignment of error is overruled.
 {¶ 9} Having overruled all of defendant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
Klatt and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.